IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02428-KLM

C.H.C.,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[1] on the **Social Security Administrative Record** [#14],[2] filed March 3, 2021, and the **Supplemental Social Security Administrative Record** [#20], filed April 4, 2021, in support of Plaintiff's Complaint [#1] seeking review of the decision of the Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claims for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq., and for supplemental security income benefits pursuant to Title XVI of the Act, 42 U.S.C. § 1381 et seq. On May 21, 2021, Plaintiff filed an Opening Brief [#21] (the "Brief"). Defendant filed a

---

[1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2.  *See* [#15, #26].

[2] "[#14]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

Response [#24] in opposition, and Plaintiff filed a Reply [#25].  The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c).  The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.  For the reasons set forth below, the decision of the Commissioner is **REVERSED and REMANDED**.

## I.  Background

On April 15, 2011, Plaintiff filed applications for disability insurance benefits under Title II and for supplemental security income under Title XVI, alleging disability beginning February 8, 2010.  Tr. 12, 420.[3]  After a lengthy procedural history, on July 8, 2019, an Administrative Law Judge (the "ALJ") issued an unfavorable decision which is at issue here.  Tr. 480.  The ALJ determined that Plaintiff meets the insured status requirements of the Act through September 30, 2013, and that he had not engaged in substantial gainful activity ("SGA") since February 8, 2010, the alleged onset date.  Tr. 424.

The ALJ found that Plaintiff suffers from ten severe impairments: (1) osteoarthritis of the right knee, (2) trochanteric bursitis, (3) degenerative joint disease of the bilateral sacroiliac joints with right SI joint dysfunction, (4) degenerative disc disease of the thoracic spine, (5) degenerative joint disease, disc bulges, and spondylosis of the lumbar spine with right lower extremity radiculopathy, (6) neuropathy of the right leg, (7) obesity, (8) an affective-type disorder (described as situational depression, depressive disorder NOS, major depressive disorder, chronic dysthymia, or mood disorder), (9) an anxiety

---

[3] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 14 through 14-15 and 20 through 20-3, by the sequential transcript numbers instead of the separate docket numbers.

disorder (described as stress anxiety, panic disorder, general anxiety, and situational stress disorder), and (10) posttraumatic stress disorder ("PTSD"). Tr. 424. However, the ALJ also found that Plaintiff's impairments did not meet or medically equal "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." Tr. 448.

The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC") to perform "a reduced range of light work" with the following limitations:

> [H]e can occasionally lift/carry 20 pounds and frequently lift/carry 10 pounds. He can stand and/or walk 2 hours of an 8-hour workday and must be permitted to use a cane for standing and walking. He can sit for 6 hours of an 8-hour workday. He can only occasionally operate foot controls with the right lower extremity. He can never climb ladders, ropes, or scaffolds, and he can only occasionally stoop, kneel, crouch, crawl, or climb ramps and stairs. The claimant can have no exposure to hazards, including unprotected heights. Mentally, the claimant is limited to understanding, remembering, and carrying out no more than simple tasks and instructions, defined as those job duties that can be learned in up to 30 days' time.

Tr. 452. Based on the RFC and the testimony of an impartial vocational expert ("VE"), the ALJ found that Plaintiff could not perform any past relevant work but was able to perform the representative occupations of small products assembler, electronics worker, and toll collector. Tr. 478-80. He therefore found Plaintiff not disabled at step five of the sequential evaluation. Tr. 480. The ALJ's decision has become the final decision of the Commissioner for purposes of judicial review. 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review and Applicable Law

Pursuant to the Act:

> [T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)).  Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)).  The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings.  42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).  However, the Court

"may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000)). In other words, the Court does not reexamine the issues de novo. *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993). Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo.*" *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

**A.     Legal Standard**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."). The Commissioner bears the burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Wall*, 561 F.3d at 1052 (citing 20 C.F.R. § 404.1521).

Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him or her] from performing [his or her] past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142). "Even if a claimant is so impaired, the agency considers, at step five, whether [he or she] possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

**B.     Substantial Evidence**

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, "if the ALJ failed to apply

the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III.  Analysis

Plaintiff argues that the ALJ erred by (1) failing to properly assess Plaintiff's mental limitations on a function-by-function basis, (2) failing to correctly assess the exertional capacity of jobs that survive the RFC limitations, and (3) relying on jobs that are inconsistent with the ALJ's limitation to simple instructions. *Brief* [#21] at 14-27.

**A.  Step Four**

The Court first addresses Plaintiff's argument that the ALJ erred by failing to properly assess Plaintiff's mental limitations on a function-by-function basis. *Brief* [#21] at 25-27.  As part of the RFC, the ALJ stated: "Mentally, the claimant is limited to understanding, remembering, and carrying out no more than simple tasks and instructions, defined as those job duties that can be learned in up to 30 days' time." Tr. 452.  The parties agree that "[s]uch duties are consistent with jobs having a specific vocational profile ("SVP") of 1 or 2, and equate to unskilled work." *Response* [#24] at 11; *see also Brief* [#21] at 26.  The parties disagree on whether the ALJ's RFC statement is adequate under Tenth Circuit legal authority to account for the particular moderate mental limitations the ALJ found.

The parties primarily rely on a trio of Tenth Circuit cases decided in close temporal proximity, only one of which is published. *Response* [#24] at 11-12 (citing *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015)); *Brief* [#21] at 27 (citing *Evans v. Colvin*, 640 F. App'x 731, 738 (10th Cir. 2016); *Jaramillo v. Colvin*, 576 F. App'x 870, 876 (10th Cir. 2014)).  In *Jaramillo v. Colvin*, relied on by Plaintiff, the Tenth Circuit noted that sometimes

"a limitation to . . . work [of a particular skill] . . . could be used as shorthand for . . . specific mental abilities . . . ."  *Jaramillo*, 576 F. App'x at 875.  However, the Circuit recognized that there is "a distinction between mental functions and skill levels" and that sometimes "the distinction is relevant" where "the basic mental abilities of . . . work [of a particular skill]" do not "capture[ ]" the mental limitations found by the ALJ.  *Id.* at 875-76.  *See also Chapo v. Astrue*, 682 F.3d 1285, 1290 n.3 (10th Cir. 2012) (recognizing that restrictions to unskilled jobs do not always account for mental impairment limitations).

In *Vigil v. Colvin*, relied on by Defendant, the ALJ found that the claimant had moderate limitations in concentration, persistence, and pace and took these limitations into account in the RFC by limiting the claimant to jobs with SVP levels one or two.  *Vigil*, 805 F.3d at 1203.  The plaintiff argued there, like here, that "the ALJ should have included in his RFC his specific concentration, persistence and pace limitations, rather than account for those limitations by restricting his RFC to unskilled (SVP one or two) work."  *Id.*  The Circuit noted that "[t]here may be cases in which an ALJ's limitation to 'unskilled' work does not adequately address a claimant's mental limitations.  But in this case, we conclude that limiting the plaintiff to an SVP of only one or two, adequately took into account his moderate limitations in concentration, persistence, and pace."  *Id.* at 1204 (internal citation omitted).

In *Evans v. Colvin*, relied on by Plaintiff, the Tenth Circuit noted that, "in general, limiting a claimant to unskilled work will not sufficiently convey the degree of a claimant's mental impairments to a VE.  But a restriction to unskilled work can account for a mental impairment in an appropriate case, for example, when the relationship between skill level and mental capacity is obvious . . . or when an ALJ credits a medical-source opinion that

- 8 -

a claimant's concentration deficit does not affect the ability to do unskilled work . . . ." *Evans*, 640 F. App'x at 738. However, the Circuit did not make any further holding on this issue given the nature of the particular issue that was before it at the time. *See id.* (discussing whether the Commissioner's legal position had been substantially justified).

At Step Three, the ALJ here discussed Plaintiff's relevant impairment as follows:

> In understanding, remembering, or applying information, the claimant has a moderate limitation. Though the evidence is certainly sparse in the record with only two sets of abnormal findings related to this area made by the two single psychological consultants more than seven years ago, the claimant has reported difficult with his memory at various stages of the alleged period of disability that might support some functional limitations. Further, in considering potential limiting effects of his pain, possible side effects of his medications throughout the alleged period of disability, and his limited education with potential (but not diagnosed) learning disorders, the overall record does warrant some functional limitation in this domain. As a result, I find the claimant to have moderate limitation in understanding, remembering, and applying information, which is reflected in the limitation in the [RFC] below to no more than simple tasks and instructions as defined therein.

Tr. 450 (internal citation omitted). As stated in *Vigil*, "[u]nskilled work generally requires only the following: (1) understanding, remembering, and carrying out *simple instructions*; (2) making judgments that are commensurate with the functions of unskilled work—i.e., simple work-related decisions; (3) responding appropriately to supervision, co-workers and usual work situations; and (4) dealing with changes in a routine work setting." *Vigil*, 805 F.3d at 1204 (emphasis added) (citing SSR 96–9p, 1996 WL 374185, at *9 (July 2, 1996)) (internal alterations and quotation marks omitted). Here, Plaintiff has not explained how a limitation to unskilled work, as defined here, does not adequately account for his specific limitations on understanding, remembering, or applying information which the ALJ discusses throughout his opinion. Rather, the ALJ stated that

Plaintiff was "limited to understanding, remembering, and carrying out no more than simple tasks and instructions" and then further narrowed that limitation to only "those job duties that can be learned in up to 30 days' time." Tr. 452. The Court finds this case to be akin to *Vigil*, in that the evidence before the Court regarding Plaintiff's mental status, as discussed by the ALJ, supports the ALJ's RFC determination that limiting Plaintiff to unskilled work would adequately account for his moderate limitations in understanding, remembering, and applying information.[4] *See Vigil*, 805 F.3d at 1204.

Accordingly, the Court finds that the ALJ did not commit reversible error in connection with this issue.

**B.    Step Five**

As noted above, as part of the RFC, the ALJ stated: "Mentally, the claimant is limited to understanding, remembering, and carrying out no more than simple tasks and instructions, defined as those job duties that can be learned in up to 30 days' time." Tr. 452. Plaintiff argues that the ALJ erred at Step Five by relying on jobs that are inconsistent with the RFC limitation to simple instructions. *Brief* [#21] at 21-24. Those jobs, again, were toll collector, small products assembler, and electronics worker.

---

[4] The Court gives no weight to Plaintiff's argument that the Appeals Council had remanded a previous decision of the ALJ in this case because the "mental [RFC] limitation to unskilled work with an SVP of 1-2 does not express claimant's ability to perform work related to mental activities on a function by function basis as required by SSR 96—8p and clearly set forth restrictions to in [sic] moderate limitations in concentration, persistence, or pace." *Reply* [#25] at 8 (citing Tr. 590). First, the issue before the Court concerns understanding, remembering, or applying information, not concentration, persistence, and pace. Second, the Tenth Circuit Court of Appeals has, as discussed above, explicitly held that *sometimes* a limitation to work of a particular skill level can account for specific mental impairments. *Vigil*, 805 F.3d at 1203.

The Dictionary of Occupational Titles ("DOT") provides a General Educational Development ("GED") score for various categories including reasoning. A job as a toll collector requires a GED reasoning level of 3. *DOT* § 211.462-038. GED level 3 reasoning requires one to be able to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." Plaintiff argues that the reasoning level required for this job is inconsistent with the RFC limitation to simple instructions. *Brief* [#21] at 21-24. Defendant does not explicitly concede that the ALJ relied on this job in error but does not offer any argument in opposition to Plaintiff's position either. *Response* [#24] at 8-9. Rather, Defendant merely states: "Even if Plaintiff cannot perform the toll collector job, however, he can still perform the small products assembler and electronics worker jobs, which only have a Reasoning level of 2. Any error, therefore, is harmless." *Id.* at 8. In *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005), the Tenth Circuit Court of Appeals stated that an RFC limiting a claimant to "simple and routine work tasks . . . seems inconsistent with the demands of level-three reasoning," and therefore the case was remanded "to allow the ALJ to address the apparent conflict between [p]laintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE." Here, too, there is no explanation for the apparent discrepancy between

limiting Plaintiff to "simple instructions" and the level 3 reasoning requirements.  Under *Hackett*, the lack of such an explanation appears to be error.[5]

Defendant argues that the jobs of small products assembler and electronics worker exist in significant enough number of jobs in the national economy to make any error in connection with the toll collector job harmless.  *Response* [#24] at 8-9, 9 n.3.  Plaintiff does not explicitly contest this.  *Reply* [#25] at 4-7.  However, Plaintiff does argue that the small products assembler and electronics worker jobs have GED reasoning levels that are inconsistent with the ALJ's RFC limitation to simple instructions.  *Brief* [#21] at 21-24.  These two jobs both require a GED reasoning level of 2.  *DOT* §§ 705.684-022, 726.687-010.  GED level 2 reasoning requires one to be able to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations."  Plaintiff argues that the ALJ's RFC limitation to simple instructions means that only jobs with a GED reasoning level of 1 could be permissibly relied on at Step Five.  *Brief* [#21] at 21-24.  GED level 1 reasoning requires one to be able to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job."

The only published, binding legal authority relied on by either party is the Tenth Circuit's *Hackett* case mentioned above.  There, the ALJ limited the Plaintiff to "simple

---

[5] The Court emphasizes that it is *not* holding that "simple instructions" can never be compatible with level 3 reasoning requirements; rather, the Court merely holds pursuant to *Hackett* that such apparent conflict must be explained by the ALJ.

and routine work tasks," which the Court noted "seems inconsistent with the demands of level-three reasoning." *Hackett*, 395 F.3d at 1176. The Court makes several observations about *Hackett* in connection with the present case. First, *Hackett* concerned *work tasks*, not *instructions*, and the Court has found no legal authority equating the two for purposes of legal analyses. *See id.* Second, the Tenth Circuit did not hold in *Hackett* that "simple and routine work tasks" could never, as a matter of law, include level 3 reasoning demands. *See id.* Rather, the Tenth Circuit merely held that the ALJ was required "to address the apparent conflict between Plaintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE." *See id.* Thus, while *Hackett* is instructive, it does not directly resolve the issue here of whether a limitation to simple instructions is compatible with level 2 reasoning skills.

In support of its reasoning, *Hackett* cited *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997), for the proposition that a claimant limited to following only simple instructions could not necessarily engage in the full range of sedentary work because many unskilled jobs in that category require reasoning levels of two or higher. Thus, while *Hackett* did not directly address the relationship between simple instructions and reasoning levels, the Tenth Circuit appeared to generally approve the Eighth Circuit's reasoning that an RFC limiting a claimant to simple instructions would likely limit the claimant to jobs requiring no more than level 1 reasoning skills.

The parties also rely on two unpublished Tenth Circuit cases. In *Stokes v. Astrue*, 274 F. App'x 675, 884 (10th Cir. 2008), relied on by Defendant, the Tenth Circuit stated that *Hackett* held that "simple and routine work tasks" were "inconsistent with the

- 13 -

demands of level-three reasoning but consistent with the demands of level-two reasoning." The Court makes two observations here. First, *Stokes*, like *Hackett*, involved interpretation of work tasks, not instructions, as are at issue here. Second, a careful reading of *Hackett* shows that *Stokes* overstated *Hackett*'s holding. As discussed above, *Hackett* merely stated that an RFC limitation to simple and routine work tasks "*seems* inconsistent with the demands of level-three reasoning" and that "level two-reasoning *appears* more consistent with the Plaintiff's RFC," thus concluding that the ALJ was required "to address the *apparent* conflict" between "simple and repetitive tasks and the level-three reasoning" of the jobs identified by the VE. *Hackett*, 395 F.3d at 1176. Given that *Stokes* is not binding, that it involved work tasks, and that it overstated *Hackett*'s holding, the Court does not find it persuasive regarding the issues in this case.

In *Paulek v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016), relied on by Plaintiff, the Tenth Circuit discussed whether an RFC limiting a claimant to "simple instructions" was consistent with a job requiring level 3 reasoning. The Circuit noted that it had "not spoken to whether a limitation to simple and routine work tasks is analogous to a limitation to carrying out simple instructions," but it approvingly cited the Eight Circuit's holding in *Lucy*, discussed above, "that a limitation to simple instructions is inconsistent with both level-two and level-three reasoning." *Paulek*, 662 F. App'x at 594 (citing *Lucy*, 113 F.3d at 909). The Tenth Circuit noted:

> Though the ALJ asked the VE whether his testimony was consistent with the DOT, it clearly was not, and the ALJ did not make alternative findings at step five. Thus, there is a conflict between the VE's testimony and the job descriptions in the DOT for service station attendant and cashier. The ALJ failed to have the VE reconcile this conflict and therefore committed reversible error. On remand, . . . the Commissioner will need to elicit a

> reasonable explanation as to how Mr. Paulek can perform two level-three-reasoning jobs with a limitation to carrying out simple instructions . . . .

*Paulek*, 662 F. App'x at 594.

In light of the decision in *Paulek*, the Court makes two observations.  First, *Paulek* discussed "simple instructions," as are at issue in the present case.  Second, *Paulek*'s ruling was limited to holding that the ALJ was required to explain how the limitation to simple instructions could be consistent with jobs requiring level 3 reasoning.  Third, although *Paulek* does not directly hold the same for level 2 reasoning, because that issue was not before the Tenth Circuit, there is no rational reason to suppose that the Court would hold differently if directly presented with the issue.

Finally, the Court addresses two unpublished district court cases discussed by the parties.  In *Begaye v. Berryhill*, No. 16-cv-0281 SMV, 2017 WL 3822078, at *7 (D.N.M. Aug. 29, 2017), relied on by Defendant, the court discussed *Hackett* and *Paulek*, as well as their respective discussions of *Lucy*, to find that these cases did not mandate holding that a limitation to simple instructions conflicts with level 2 reasoning.  While the Court here agrees, as discussed above, that *Hackett* and *Paulek* do not *mandate* such a holding due to the precise nature of the issues addressed in those cases, neither do these cases show that such a holding is inappropriate.  *Begaye* did not include any analysis of whether level-two reasoning jobs were *actually* consistent with an RFC limitation to "simple instructions."

In *Dugan v. Berryhill*, No. 17-2165-SAC, 2018 WL 1400448, at *5-6 (D. Kan. Mar. 20, 2018), relied on by Plaintiff, the court discussed *Hackett*, *Lucy*, and *Paulek*, in

connection with an RFC limiting the claimant to "short, simple instructions and work tasks" and jobs with level-two reasoning requirements. The court stated:

> [A] reasoning level of 2 requires the ability to carry out detailed but uninvolved written or oral instructions. The ALJ stated that plaintiff can understand, remember, and carry out short, simple work instructions, the same limitation as that given in *Paulek*. *Lucy*, cited with approval in *Hackett* and *Paulek*, held that a limitation to simple instructions is inconsistent with both level-two and level-three reasoning. On its face, the language for a reasoning level of 2 (the ability to carry out detailed but uninvolved written or oral instructions) reasonably appears to conflict with a person being limited to understanding, remembering and carrying out simple work instructions. Because of this conflict, the ALJ erred by failing to inquire about and resolve this conflict. The case shall therefore be remanded in order for the ALJ to inquire about and resolve the conflict between the ALJ's RFC findings, the VE's testimony and the description of the patcher job in the DOT.

*Dugan*, 2018 WL 1400448, at *6 (internal citations omitted).

Having reviewed the relevant legal authority, the Court ultimately agrees with the *Dugan* court's persuasive reasoning in the absence of any binding authority to the contrary. A reasoning level of 1 explicitly discusses simple instructions by stating that a claimant must be able "to carry out simple one- or two-step instructions," while a reasoning level of 2 does not mention simple instructions but, rather, states that a claimant must be able "to carry out detailed but uninvolved written or oral instructions." Thus, the plain language of these reasoning levels suggests that jobs with level 2 reasoning skills require one to comply with "detailed instructions" rather than mere "simple instructions." While the Court does not find that "simple instructions" necessarily precludes jobs with level 2 reasoning skills, the Court does find, pursuant to *Hackett*, that the ALJ must explain the apparent discrepancy. Further, failure to do so constitutes reversible error. *See Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) (stating that, even though

the Court does not insist on "technical perfection" in an ALJ's decision, the Court must be able to follow the ALJ's reasoning).[6]

## IV.  Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.[7]

IT IS FURTHER **ORDERED** that Plaintiff is **AWARDED** his costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1).  See Knuutila v. Colvin, 127 F. Supp. 3d 1146, 1153 (D. Colo. 2015).

IT IS FURTHER **ORDERED** that the Clerk of Court shall enter judgment in favor of Plaintiff and close this case.

Dated: March 29, 2022

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

---

[6] The Court does not reach Plaintiff's remaining step five argument, as it may be impacted by the ALJ's review of the issues on remand.  See, e.g., Wignall v. Colvin, No. 14-cv-03327-KLM, 2016 WL 1253623, at *8 n.6 (D. Colo. Mar. 31, 2016).  "[T]he parties and the ALJ are encouraged to fully consider the evidence and all issues raised anew."  Hoskins v. Saul, No. 19-cv-03685-KMT, 2021 WL 973392, at *7 (D. Colo. Mar. 16, 2021).

[7] The Court finds that this case does not present a proper occasion on which to exercise its discretion and direct the award of benefits.  See Nielson v. Sullivan, 992 F.2d 1118, 1122 (10th Cir. 1993).  By reversing the ALJ's decision, the Court does not find or imply that Plaintiff is or should be found disabled.  See, e.g., Knuutila v. Colvin, 127 F. Supp. 3d 1146, 1152 n.5 (D. Colo. 2015).